Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

SEPTEMBER 6 20 12

WILLIAM M. McCOOL, Clerk

By _____ Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) INDICTMENT |
| FRED F. FRINK, | ) |
| Defendant. | ) |

CR12 262 RSL

The Grand Jury charges that:

## COUNT 1
### (False, Fictitious, and Fraudulent Claim)

On or about April 14, 2009, at Kirkland, within the Western District of Washington, and elsewhere, FRED F. FRINK made and presented to the Internal Revenue Service, United States Department of the Treasury, a claim upon and against the United States, that is, a claim for a tax refund for $827,117.00, knowing that the claim was false, fictitious, and fraudulent.

All in violation of Title 18, United States Code, Sections 287 and 2.

## COUNTS 2-3
### (Fictitious Obligation)

On or about May 22, 2009, at Tacoma, within the Western District of Washington, and elsewhere, FRED F. FRINK, with the intent to defraud the United States, did pass, utter, present, and offer the following false and fictitious instruments, documents, and

INDICTMENT/FRINK - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

other items appearing, representing, purporting, and contriving through scheme and artifice, to be an actual security and other financial instrument issued under the authority of the United States:

| COUNT | ITEM | AMOUNT |
|-------|------|--------|
| 2 | Money Order | $3600.00 |
| 3 | Money Order | $2,432,663.00 |

All in violation of Title 18, United States Code, Section 514(a)(2).

## COUNTS 4-6
### (Money Laundering)

On or about the dates set forth below, at Bellevue, within the Western District of Washington, and elsewhere, FRED F. FRINK did knowingly engage in the following monetary transactions by through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, and transfer of funds, such property having been derived from a specified unlawful activity, that is, Theft of Public Money, in violation of Title 18, United States Code, Section 641:

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 4 | April 22, 2009 | Transfer of $824,000.00 in funds from Foundation Bank account *****0824 to Washington Mutual Bank account ***-*******167-5 |
| 5 | April 27, 2009 | Withdrawal of $113,098.06 in funds from Foundation Bank account *****0824 used to pay off loans serviced by Foundation Bank |
| 6 | May 30, 2009 | Withdrawal of $48,758.60 in funds from Coastal Community Bank by check presented to Park Place Motors |

All in violation of Title 18, United States Code, Sections 1957 and 2.

//

INDICTMENT/FRINK - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 7
### (Bank Fraud)

**A.      The Scheme and Artifice to Defraud**

1.      Beginning on a date uncertain, but within the last ten years, and continuing through in or about April 2009, at Bellevue, within the Western District of Washington, and elsewhere, FRED F. FRINK did devise and execute, and did attempt to devise and execute, a scheme and artifice to defraud Foundation Bank, a financial institution, as defined by Title 18, United States Code, Section 20, and to obtain moneys, funds, and credits under the custody and control of the financial institution, by means of materially false and fraudulent pretenses, representations and promises, as further described below.

2.      The essence of the scheme and artifice to defraud was for FRED F. FRINK to submit a tax return that he falsely represented had been filed with the Internal Revenue Service in order to obtain a renewal of a line of credit.

**B.      Background**

3.      In February 2007, FRED F. FRINK received a line of credit from Foundation Bank in the amount of $94,900.00.  He secured the line of credit with multiple real properties.

4.      At the time that the line of credit was extended, it was set to expire on January 11, 2008.  Foundation Bank renewed the line of credit on multiple occasions. The line of credit was set to expire on April 11, 2009.

5.      On April 7, 2009, Foundation Bank requested certain documents from FRED F. FRINK in order to decide whether to renew the line of credit for an additional period of time.  In particular, Foundation Bank requested FRED F. FRINK's tax return for tax year 2008.

6.      In March 2009, FRED F. FRINK retained D.E., a tax preparer to prepare his 2008 tax return.  On or around April 10, 2009, D.E. sent FRED F. FRINK a return for him to sign and file with the Internal Revenue Service.  Under the return, FRED F. FRINK was to claim a tax refund of $7413.00.

INDICTMENT/FRINK - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1      7.     FRED F. FRINK never submitted this return to the Internal Revenue

2  Service.  Instead, he visited H&R Block.  He provided H&R Block bogus tax forms

3  purporting to show that over a million dollars in tax had been withheld on his behalf.  On

4  the basis of these tax forms, H&R Block prepared a tax return in which FRED F. FRINK

5  claimed a tax refund in the amount of $827,117.00.  The Internal Revenue Service issued

6  and sent FRED F. FRINK a check in this amount before it detected the fraudulent nature

7  of the return.

8      **B.**     **Manner and Means of the Scheme and Artifice**

9      6.     It was part of the scheme and artifice to defraud that FRED F. FRINK

10  submitted to Foundation Bank the 2008 tax return that had been prepared by D.E., for the

11  purpose of having the bank renew his line of credit.

12      7.     It was part of the scheme and artifice to defraud that FRED F. FRINK

13  signed the return prepared by D.E. to make it falsely appear that he had submitted this

14  return to the Internal Revenue Service.

15      8.     It was part of the scheme and artifice to defraud that FRED F. FRINK

16  deliberately did not submit to Foundation Bank the fraudulent return that H&R Block had

17  prepared, for fear that Foundation Bank or others would investigate the accuracy of the

18  return.

19      9.     It was part of the scheme and artifice to defraud that FRED F. FRINK

20  repaid the line of credit in full on April 27, 2009, after receiving the fraudulent tax refund

21  from the Internal Revenue Service.

22      **C.**     **The Execution of the Scheme.**

23      10.    On or about the below-listed date, at Bellevue and elsewhere within the

24  Western District of Washington, FRED F. FRINK executed and attempted to execute this

25  scheme and artifice to defraud, and to obtain moneys, funds, and credits under the custody

26  and control of a financial institution, by means of materially false and fraudulent

27  pretenses, representations and promises, by conducting and causing to be conducted the

28  following transaction:

INDICTMENT/FRINK - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| Count | Date | Transaction |
|-------|------|-------------|
| 7 | On or around April 15, 2012 | Presentment of tax return prepared by D.E. to Foundation Bank, for the purpose of obtaining a renewal of the line of credit that FRED F. FRINK maintained at the bank |

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## ASSET FORFEITURE ALLEGATIONS

1.    **Counts 4 through 6**

Upon conviction of the offenses alleged in Counts 4 through 6 of this Indictment, FRED F. FRINK shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property

2.    **Count 7**

Upon conviction of the offense alleged in Count 7 of this Indictment, FRED F. FRINK shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred or sold to, or deposited with, a third party;

3.    has been placed beyond the jurisdiction of the Court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be divided without difficulty;

//

//

//

INDICTMENT/FRINK - 5

1  it is the intent of the United States, pursuant to Title 21, United States Code,

2  Section 853(p), to seek the forfeiture of any other property of the Defendants up to the

3  value of the above-described forfeitable property.

4

5                                    A TRUE BILL:

6                                    DATED: 9-6-2012

7                                    (*Signature of Foreperson redacted pursuant to
                                     the policy of the Judicial Conference of the*
8                                    *United States*)

9

10 _____    _____

11

JENNY A. DURKAN                      FOREPERSON
12 United States Attorney

13

14 _____
ANDREW C. FRIEDMAN
15 Assistant United States Attorney

16

17 _____
THOMAS M. WOODS
18 Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

INDICTMENT/FRINK - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970