1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

      Judge Lasnik
      Magistrate Judge Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,    )    NO. CR12-262RSL
                 )
          Plaintiff,    )
                 )    **GOVERNMENT'S**
        v.          )    **SUBMISSION REGARDING**
                 )    **BOND REVOCATION**
FRED F. FRINK,        )    **PROCEEDING**
                 )
         Defendant.    )
                 )
_____)

16

17

18

19

    The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this memorandum regarding the bond revocation proceeding that is scheduled for Friday, November 30, at 10:00 a.m.

20

## BACKGROUND

21

22

23

24

25

    In March 2009, Fred Frink engaged Donna Evered, a legitimate accountant, to prepare his tax returns. Evered had prepared his tax returns for the previous four years. Frink provided Evered his W-2 and other tax documents. On April 10, 2009, Evered mailed Frink his return. Under the return, Frink was to report that he earned $115,482, and he was to claim a refund of $7413.

26

27

28

    Although Frink paid Evered $600 for preparing the return, he never filed it with the IRS. Instead, he visited H&R Block on April 14, 2010 with bogus tax forms falsely stating that over a million dollars in tax had been withheld on his behalf. H&R Block

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 1

1   accepted the validity of the forms, and processed the return.  The IRS did not initially

2   detect the fraudulent nature of the return, and sent Frink a tax refund for $827,117.  Frink

3   immediately wired the money to another account, and then continued to move the money

4   among different accounts.  He also started spending the money, including paying down

5   substantial debt.

6       On May 11, 2009, a revenue officer contacted Frink, and told him that his return

7   was fraudulent.  Frink later admitted that he visited the IRS website that day and saw a

8   notice about the scheme that he had followed.  At this point, Frink still had about

9   $500,000 in funds left.  Instead of returning the money, he sent the revenue officer two

10  fictitious money orders totaling over $2,000,000 that purportedly were drawn on a

11  personal account that Frink maintained at the U.S. Treasury.  Frink continued to spend the

12  money, including purchasing a $48,000 Mercedes Benz.  He ultimately had spent over

13  $750,000 by August 2009.

14      On April 7, 2009, Foundation Bank had asked Frink for a copy of his 2008 tax

15  return in connection with a line of credit that Frink maintained at the bank that was set to

16  expire.  He provided the bank a signed copy of the tax return that his legitimate tax

17  preparer had prepared, not the H&R Block return.  Frink paid off the line of credit on

18  April 27 with the tax refund proceeds.

19      In September 2012, Frink was indicted on the following charges: one count of

20  Filing a False and Fictitious Claim, 18 U.S.C. § 287; two counts of Presenting a Fictitious

21  Obligation, 18 U.S.C. § 514(a)(2); three counts of Money Laundering, 18 U.S.C. § 1957;

22  and one count of Bank Fraud, 18 U.S.C. § 1344.

23      On September 7, 2012, Frink made his initial appearance.  He was cooperative,

24  and was released on bond without objection from the government.

25      On October 9, 2012, Frink started filing frivolous documents with the Court in

26  which he, among other things, attempted to fire his attorney, Nancy Tenney.  On October

27  16, 2012, the Court held a status conference to address the status of his representation.

28  Frink made a number of frivolous statements during the proceedings.  The Court advised

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 2

1  him that he had to either accept Ms. Tenney's representation, find his own attorney, or

2  proceed *pro se*.  The Court scheduled another status conference for October 31, 2012.

3  Frink continued to file frivolous documents with the Court after the status conference.

4        At the next status conference, Frink showed up with an individual who was living

5  in his house who called himself "Mark Edward of the Family Hill."  Mr. Hill addressed

6  the Court directly and made a number of frivolous statements.  The Court advised Frink

7  that Mr. Hill could not represent him because he was not a licensed attorney.  The Court

8  again advised Frink that he had to either accept Ms. Tenney's representation, find his own

9  attorney, or proceed *pro se*.  The Court scheduled another status conference for

10 November 16, 2012.  Frink continued to file frivolous documents with the Court after the

11 status conference.

12       At the next status conference, Frink again showed up with Mr. Hill.  They both

13 made frivolous statements to the Court.  The Court appointed CJA counsel to replace Ms.

14 Tenney.  The Court also warned Mr. Frink, as it had during the prior hearings, about

15 relying upon Mr. Hill and the frivolous arguments they both were making to the Court.

16       After the hearing, Frink filed a lawsuit against the Honorable Robert S. Lasnik and

17 Brian A. Tsuchida, the prosecutors, one of the case agents, and others.  In his complaint,

18 he asked that the Court issue an arrest warrant for the defendants.  He also filed a lien

19 pertaining to the lawsuit in King County, which appears to be tied to real property that he

20 owns.

21       On November 21, 2012, Officer Okano submitted a bond violation petition on the

22 ground that the lawsuit violated Frink's bond condition of not committing a violation of

23 Sections 1503, 1512, or 1513 of Title 18.  Officer Okano noted that he had previously

24 advised Frink about Mr. Hill and the frivolous arguments they both were advancing.

25       On November 27, 2012, Frink made his initial appearance.  He claimed to have

26 renounced Mr. Hill, and said he was prepared to dismiss the lawsuit, and his *pro se*

27 filings.  Frink, through his attorney, dismissed the suit later that day.

28

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1     The Court was reluctant to release Frink because he shared a residence with Mr.

2   Hill.  The Court asked whether Frink had any family members who could provide a place

3   for him to stay.  A woman in the audience, Jill Lane, came forward.  She said that Frink

4   was like a grandfather to her children, and offered to let him stay with her.  The

5   government strongly opposed Frink's release, noting that Ms. Lane was the notary on

6   Frink's lawsuit, and that she also appeared under the certificate of service.  The

7   government asked for an opportunity to investigate whether Ms. Lane was an appropriate

8   person to house Frink.  The Court denied the request and released Frink.

9     The government has since learned a number of troubling facts about Ms. Lane.

10  First, she assisted Frink with the frivolous letter that he sent to the revenue officer.

11  Second, she received $2000 from Frink of the fraudulent proceeds of the check.  Third,

12  she drafted frivolous papers for him to send to the IRS.  Fourth, she has run what appears

13  to be an online mortgage elimination scam.  Fifth, she recently was convicted of squatting

14  in a multi-million dollar home.  She sent the bank that owned the home frivolous

15  documents purporting to purchase the home.  *See* Exh. A.

16                          **ARGUMENT**

17      **A.      Frink's Conduct Violated His Bond**

18     The Court should conclude that Frink's lawsuit violated the conditions of his bond.

19  Frink's bond prohibited him from harassing, threatening, intimidating, tampering with,

20  improperly influencing, or injuring any witnesses, judicial officers, or other persons

21  related to official proceedings before the Court, in violation of 18 U.S.C. §§ 1503, 1512,

22  and 1513.

23     Frink's conduct violated 18 U.S.C. § 1503, which broadly prohibits anyone who

24  "corruptly . . . endeavors to influence, obstruct, or impede the due administration of

25  justice." 18 U.S.C. § 1503.  "[T]he obstruction of justice statute was designed to proscribe

26  all manner of corrupt methods of obstructing justice." *United States v. Rasheed*, 663 F.2d

27  843, 852 (9th Cir. 1981).  In order to establish a violation of section 1503, the government

28

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 4

1  must show the government must show that (1) a judicial proceeding was pending; (2) the

2  defendant knew of the judicial proceeding; and (3) the defendant acted corruptly with the

3  intent to influence; obstruct, or impede the proceeding in the administration of justice.

4  *See generally United States v. Sharpe*, 193 F.3d 852, 864 (1st Cir. 1999).

5      Frink's lawsuit, in which he threatened the arrest of the presiding Judges, a case

6  agent, and the prosecutor, violates this provision.  For example, in *United States v.*

7  *Ramirez*, 2004 WL 203034 (S.D.N.Y. 2004), the defendant filed a UCC financing

8  statement in his name in which he claimed a "security interest or lien in all of the assets,

9  land, and personal property of the AUSA and the Judge presiding over the defendant's

10  case."  *Id.* at *1.  The court denied a motion to dismiss the indictment, noting that it was

11  irrelevant whether the liens in fact influenced or intimidated the AUSA or the Court,

12  given that the defendant clearly "endeavored" to attempt to influence the proceedings by

13  filing liens in bad faith.  *See also generally United States v. Baum*, 32 F. Supp. 2d 642,

14  648 (S.D.N.Y.1999) ("Of course a defendant's actions need not be successful to violate §

15  1503; it is enough that a defendant 'endeavors' to influence the due administration of

16  justice.").  Other cases have involved similar facts.  *See, e.g.*, *United States v. Beale*, 620

17  F.3d 856, 865 (8th Cir. 2010) (bogus arrest warrants served on sheriff's office purporting

18  to call for arrest of judge); *United States v. Fulbright*, 105 F.3d 443, 452 (9th Cir. 1997)

19  (noting that issuing of "illegitimate arrest warrant" can constitute a violation of section

20  1503); *United States v. Fleming*, 215 F.3d 930, 936 (9th Cir. 2000) (lien filed against

21  judge); *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004) (involuntary

22  bankruptcy petition filed against judge).

23      Frink filed a lawsuit in which he threatened the arrest of the presiding Judges, a

24  case agent, and the prosecutor.  He also filed a lien with King County.  His lawsuit was

25  filed in bad faith, containing the same frivolous arguments that the Court has previously

26  rejected.  His conduct violated section 1503, and thus his bond.

27

28

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

2

**B.      The Court Should Revoke Frink's Bond Absent Changed
Circumstances.**

The Court should revoke Frink's bond absent changed circumstances.  At the

recent detention hearing, Frink offered Ms. Lane as someone who could be trusted to give

him a place to stay and to ensure that he is compliant.  Neither Frink nor Ms. Lane

volunteered her full role in this case.  Moreover, Ms. Lane has participated in the same

type of frivolous conduct that forms the basis of this criminal case, as well as the bond

violation.  In the absence of some proof that Frink will in fact cooperate in these

proceedings, and not further engage in harassment, he remains both a danger to the

community and a flight risk. Thus, his bond should be revoked.


DATED this 28th day of November, 2012.


                          Respectfully submitted,


                          JENNY A. DURKAN
                          United States Attorney



                          s/Thomas M. Woods
                          THOMAS M. WOODS
                          Assistant United States Attorneys
                          United States Attorney's Office
                          700 Stewart Street, Suite 5220
                          Seattle, Washington 98101
                          Phone: 206-553-4312
                          Fax:    206-553-6934
                          E-mail: thomas.woods2@usdoj.gov

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the 28th day of October, 2012, I electronically filed the

3 foregoing with the Clerk of Court using the CM/ECF system which will send notification

4 of such filing to the attorney of record for the defendant.

5

6

      DATED this 28th day of October, 2012.

7

8
                                        s/Thomas M. Woods
9                                       THOMAS M. WOODS
                                        Assistant United States Attorney
10                                      United States Attorney's Office
                                        700 Stewart Street, Suite 5220
11                                      Seattle, Washington 98101-1271
                                        Telephone:    206-553-4312
12                                      FAX:          206-553-6934
                                        E-mail:       thomas.woods2@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S SUBMISSION REGARDING BOND REVOCATION
FRINK et al. (CR12-262RSL) - 7