Judge Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR12-262RSL |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S** |
| v. | ) | **SENTENCING** |
| | ) | **MEMORANDUM** |
| FRED F. FRINK, | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this sentencing memorandum regarding Fred Frink.

## **INTRODUCTION**

Frink stole over $800,000 from the United States Treasury. He spent over $500,000 of the money, including to purchase a luxury automobile, after the Internal Revenue Service attempted to collect the money from him. He also harassed the revenue agent. Upon being charged in this case, he was obstructionist, including filing a lawsuit against the Court, the prosecutor, and the case agent, seeking their arrest. Although these circumstances ordinarily would call for a high-end, if not above-Guidelines sentence, the government recommends a sentence of 24 months, the low-end of the Guidelines, in light of Frink's age and his declining health.

GOVERNMENT'S SENTENCING MEMORANDUM
FRINK (CR12-262RSL) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## BACKGROUND

In March 2009, Fred Frink engaged Donna Evered, a legitimate accountant, to prepare his tax returns. Evered had prepared his tax returns for the previous four years. Frink provided Evered his W-2 and other tax documents. On April 10, 2009, Evered mailed Frink his return. Under the return, Frink was to report that he earned $115,482, and he was to claim a refund of $7413.

Although Frink paid Evered $600 for preparing the return, he never filed it with the IRS. Instead, he visited H&R Block on April 14, 2009 with bogus tax forms falsely stating that over a million dollars in tax had been withheld on his behalf. H&R Block accepted the validity of the forms, and processed the return. The IRS did not initially detect the fraudulent nature of the return, and sent Frink a tax refund for $827,117. Frink immediately wired the money to another account, and then continued to move the money among different accounts. He also started spending the money, including paying down substantial debt.

On May 11, 2009, a revenue officer contacted Frink, and told him that his return was fraudulent. Frink later admitted that he visited the IRS website that day and saw a notice about the scheme that he had followed. At this point, Frink still had about $500,000 in funds left. Instead of returning the money, he sent the revenue officer two fictitious money orders totaling over $2,000,000 that purportedly were drawn on a personal account that Frink maintained at the U.S. Treasury. Frink continued to spend the money, including purchasing a $48,000 Mercedes Benz. He ultimately had spent over $750,000 by August 2009.

On April 7, 2009, Foundation Bank had asked Frink for a copy of his 2008 tax return in connection with a line of credit that Frink maintained at the bank that was set to expire. He provided the bank a signed copy of the tax return that his legitimate tax preparer had prepared, not the H&R Block return. Frink paid off the line of credit on April 27 with the tax refund proceeds.

GOVERNMENT'S SENTENCING MEMORANDUM
FRINK (CR12-262RSL) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

In September 2012, Frink was indicted on the following charges: one count of Filing a False and Fictitious Claim, 18 U.S.C. § 287; two counts of Presenting a Fictitious Obligation, 18 U.S.C. § 514(a)(2); three counts of Money Laundering, 18 U.S.C. § 1957; and one count of Bank Fraud, 18 U.S.C. § 1344.

On September 7, 2012, Frink made his initial appearance.  He was cooperative, and was released on bond without objection from the government.

On October 9, 2012, Frink started filing frivolous documents with the Court in which he, among other things, attempted to fire his attorney, Nancy Tenney.  On October 16, 2012, the Court held a status conference to address the status of his representation. Frink made a number of frivolous statements during the proceedings.  The Court advised him that he had to either accept Ms. Tenney's representation, find his own attorney, or proceed *pro se*.  The Court scheduled another status conference for October 31, 2012. Frink continued to file frivolous documents with the Court after the status conference.

At the next status conference, Frink showed up with an individual who was living in his house who called himself "Mark Edward of the Family Hill."  Mr. Hill addressed the Court directly and made a number of frivolous statements.  The Court advised Frink that Mr. Hill could not represent him because he was not a licensed attorney.  The Court again advised Frink that he had to either accept Ms. Tenney's representation, find his own attorney, or proceed *pro se*.  The Court scheduled another status conference for November 16, 2012.  Frink continued to file frivolous documents with the Court after the status conference.

At the next status conference, Frink again showed up with Mr. Hill.  They both made frivolous statements to the Court.  The Court appointed new counsel to replace Ms. Tenney.  The Court also warned Mr. Frink, as it had during the prior hearings, about relying upon Mr. Hill and the frivolous arguments they both were making to the Court.

After the hearing, Frink filed a lawsuit against the Honorable Robert S. Lasnik and Brian A. Tsuchida, the prosecutors, one of the case agents, and others.  In his complaint, he asked that the Court issue an arrest warrant for the defendants.

GOVERNMENT'S SENTENCING MEMORANDUM
FRINK (CR12-262RSL) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

On November 21, 2012, Probation Officer Okano submitted a bond violation petition on the ground that the lawsuit violated Frink's bond condition of not committing a violation of Sections 1503, 1512, or 1513 of Title 18.  Officer Okano noted that he had previously advised Frink about Mr. Hill and the frivolous arguments they both were advancing.

Frink was arrested.  He subsequently was released again on bond.  He has since been cooperative.  He timely pleaded guilty to filing a false claim, in violation of Title 18, United States Code, Section 287.

## SENTENCING GUIDELINES ANALYSIS

There is no dispute as to the Sentencing Guidelines.  Under section 2B1.1(a)(2), Frink's base offense level is 6.  Under Section 2B1.1(b)(1)(H), his offense level is increased by sixteen levels because the loss was between $400,000 and $1,000,000.  He should receive a three-level reduction for acceptance of responsibility, yielding a total offense level of 17.  He has no known criminal history, and thus his range is 24 to 30 months.

Although the government agrees that Frink should receive a reduction for acceptance of responsibility, the issue is close.  The government is greatly troubled by the fact that Frink maintained during his presentence interview that "he had no idea his OID filing was illegal until after he had done it."  PSR ¶ 16.  This statement is contrary to the facts, as well as his admission in the plea agreement that he knew that the bogus forms that he submitted falsely stated that over a million dollars in tax had been withheld on his behalf.  *See* Plea Agreement ¶ 9(a).

In a similar vein, the government is unimpressed with a portion of Frink's letter to the Court.  Frink states "I sought advice on this OID matter from CPA's and friends."  In fact, Frink purposely kept his regular tax preparer in the dark.  He didn't file the return that she prepared, despite having paid her some $600.  He didn't tell her that he wasn't filing the return that she prepared.  He didn't seek her advice or counsel.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

All told, however, Frink has generally shown remorse for his conduct. Accordingly, the government agrees that Frink should receive a three-level reduction for acceptance of responsibility.

### SECTION 3553 FACTORS

This case presents a number of aggravating factors.

*First*, Frink had every opportunity to mitigate his conduct, and instead consistently aggravated the situation. He could have consulted with his regular tax preparer, who undoubtedly would have strongly advised him not to file his fraudulent return. He could have cooperated with the revenue agent. Instead, he quickly spent the remaining $500,000, and sent the agent harassing materials. His lack of cooperation extended through the beginning phase of these proceedings, culminating in his filing a frivolous and harassing lawsuit, despite being repeatedly advised in open court that what he was doing was without any legal basis.

*Second*, Frink's claim that he filed his return and kept the money because of financial hardship falls flat. After all, he purchased a luxury automobile with part of the money. He also received an over *$800,000* refund. He may have had financial problems, but not to that extent.[1]

*Third*, Frink's claim that he fell under the spell of Mark Edward Hill also falls short. Frink's background and history shows that he was not a gullible follower. Rather, he had an honorable military career, a long history of steady employment, and success in business, including serving as a vice president of an oil company and as the chief executive officer of a medical computing company. He also had supportive family and friends. Mark Edward Hill surely was a poor influence--but he is not the cause of Frink's failings.

---

[1] Frink's current financial state is unknown because he did not provide that information to the Probation Officer in connection with the preparation of the presentence report.

GOVERNMENT'S SENTENCING MEMORANDUM
FRINK (CR12-262RSL) - 5

The government recognizes that Frink is 69, and that he suffers from a number of serious health problems.[2]  The government also recognizes that Frink stopped his obstructionist conduct, has renounced Mr. Hill, and timely pleaded guilty.  For these reasons, the government does not believe that specific deterrence is of particular concern in this case.

By contrast, the goal of general deterrence is particularly important.  The IRS included 1099-OID fraud on its "Dirty Dozen Tax Scams" for 2012.  Although some scam participants are undeterrable, there are a number of people who will be deterred if they understand that their conduct could lead to serious penalties, including imprisonment.

## CONCLUSION

For the foregoing reasons, the Court should sentence Frink to 24 months of imprisonment.  The Court should also sentence him to $827,117 in restitution.  In light of the large restitution amount, he should be sentenced to a full three years of supervised release, to allow the Probation Officer to monitor his income and restitution payments.

DATED this 20th day of June, 2013.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

s/Thomas M. Woods
THOMAS M. WOODS
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4312
Fax:    206-553-6934
E-mail: thomas.woods2@usdoj.gov

---

[2] The government does not oppose Mr. Frink's request to delay reporting to sufficiently allow him to recover from his shoulder surgery.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

DATED this 20th day of June, 2013.

s/Thomas M. Woods
THOMAS M. WOODS
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:    206-553-4312
FAX:            206-553-6934
E-mail:         thomas.woods2@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM
FRINK (CR12-262RSL) - 7